FILED

1  Najla Zaidi

2  4886 Santo Drive

3  Oak Park, CA 91377

4  805 405-7144 nzaidi6@gmail.com

5  Plaintiff in Pro Per

2018 AUG 24  PM 12: 36

CLERK _____ COURT
CENTRAL _____ CAL.
LOS ANGELES

BY:_____ GL

6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11                                              **CV18-7450** -CAS (RAOx)

12  Najla Zaidi,                               Case No.:

13              Plaintiff,                      **Copyright Infringement and Related**

14          vs.                                 **Claims**

15  Viacom, International Media Networks;

16  Viacom, Inc, Nickelodeon Animation Studios,

17  Nickelodeon Junior and Does 1-100, inclusive

18              Defendants.

19

20  Plaintiff, Najla Zaidi, brings this suit against Defendants and states the following:

21

22  Plaintiff, Najla Zaidi, brings this suit against Defendants for misappropriation of her intellectual

23  property at a series, toy line, vast merchandising from three successful seasons of Shimmer and

24  Shine, a movie version in the works and spin-off show and merchandising, "Genie Babies," and

25  states the following:

26

27                              PREAMBLE

28

PAID
AUG 24 2018
Clerk, US District Court
COURT 4612

1

Copyright Infringement and Related Claims

1  Plaintiff Najla Zaidi is a professional director, screenwriter, guest instructor of film for ten years
2  at San Diego State University, an author of children's books and actress. Her degrees are an
3  MFA in Screenwriting from the prestigious UCLA and a Director fellow from the famous AFI
4  (American Film Institute).

5

6  Plaintiff initially pitched Carole Kirschner of September 2, 2010 when she was a finalist for the
7  CBS Diversity Writer's Program that she wished to create a show about genies and their twin
8  identical humans next.

9

10  Plaintiff Copyrighted the show on March 12, 2013 with the U.S. Copyright Office. See Exhibit
11  "A."

12

13  Plaintiff registered her script Kazzak! With the W-WGA on March 5, 2013 and August 21, 2018.
14  See Exhibit "B."

15

16  The complete package Plaintiff gave Nickelodeon Animation Studio at a pitch meeting on April
17  2, 2013 included physical property such as the script, character descriptions, a series concept
18  premise page, storyboards and character artwork created by Andrew Matlock of Industry Corp.
19  During the meeting, Mary Harrington (founder of Nick Animation Studios) asked for a leave
20  behind and asked her to leave three copies of her materials for them.

21

22  The script, treatment and character's descriptions were sent to her agent Jo-Ann Carol, whom set
23  up the meeting, the night before the pitch. These, along with the artwork, storyboards and
24  release, were left behind.

25

26

27

28

2

Copyright Infringement and Related Claims

The Shimmer and Shine cable show characters' names are the same as in her script. Zac and Kaz are the same and they have changed Mimi to Leah. Their personalities are exactly as in her script.

The artwork she presented is almost exactly the same and/such or substantially similar as the Shimmer and Shine characters.
The backgrounds, locations and setups are exactly as described in her registered script and/or substantially similar.

Complete notes on all three seasons of Shimmer and Shine cross-referenced and noting second by second time code exist of what they have taken from her script, completed by plaintiff for the last two years. Due to the extensive size of the notes exceeding 1500 pages, plaintiff has not included them in the complaint but will readily provide them upon request.

Plaintiff also has emails from Justin Charlebois (the assistant who is a writer now at Nick) confirming the pitch meeting with Juliana James (the Nick Manager of Development) and Mary Harrington, (the Nick Animation Studios founder). She also has emails from Juliana James from an informational meeting from a year prior in July 2012.

Emails from her former agent, Jo-Ann Carol, whom told her on March 3, 2013 that Nick was looking for new people to pitch show ideas. She also have the flyer Nick sent her "Nick Animated Shorts Program". Also she has emails when she sent her the script first before her meeting at Nick.

Emails from Andrew Matlock confirming they did the artwork and storyboards for her exist. The artwork even says "For Nickelodeon."

Copyright Infringement and Related Claims

In 2013 Plaintiff flushed out the story for an animation per her agent's request specifically for Nickelodeon. Her agent was reacting to an advertisement Nickelodeon had for story ideas as the internal pitches weren't cutting it.

Plaintiff created the storyline, treatment, script, character drawings and had Industry Corporation of Canada complete the storyboards for "Kazzak!" The series name is a play on the twin character she created Zak spelled forward and backward and put together. The characters Zak and Kaz are based on her nephew, Zak. The character Mimi is based on her niece, Mia.

As a young girl the stories her Grandmother told her about the genies known as jinn back in Pakistan left an indelible mark on her. The charming stories of mischief and kindness remained in her mind. Kaz and Zak represent the human and genie twins, where Kaz is the jinn character and Zak is the human character.

Najla Zaidi pitched her agent at the time, JoAnn Carol her genie idea around March 4, 2013 and then pitched Mary Harrington, Juliana James and her assistant at the time Justin Charlebois on April 2, 2013 at the Burbank offices of Nickelodeon.

At the time, Jo-Ann Carol her agent was part of Monteiro, Rose, Dravis and they represented several of the Nickelodeon writers and are/were primarily a boutique agency for children's programming.

Shimmer and Shine has three main children characters, Zak, Kaz and Leah. Plaintiff pitched Zak, Kaz and Mimi.

As the leave behind included Najla's script, synopsis, drawn storyboards, character art, treatment explain, Zak/Kaz is her nephew Zak and her niece Mia is the real Mimi/Leah.

4

Copyright Infringement and Related Claims

1   Shimmer and Shine was filed with US Copyright until 2015.

2

3   Whereas Plaintiff filed with the WGAw and US Copyright Office in 2013, Shimmer and Shine

4   was filed by Nickelodeon in 2015.

5

6   On 9/2/2010 Plaintiff decided to develop and adapt these experiences into a pitch for CBS

7   Director Program and pitched to Carole Kirschner.

8

9   In 2013 her agent Jo-Ann requested her to put a pitch together to respond to the ad by

10  Nickelodeon seeking ideas for animation.

11

12  Justin Charlebois set up a pitch session with Plaintiff and Juliana James and Mary Harrington

13  April 2, 2013, employees of Defendant.

14

15  Nick Shorts Program flyer 2013 - what they sent her agent, Jo-Anne Carol detailing the pitch

16  meeting and materials they requested. This was to bring in new fresh writers to produce their

17  show.

18

19  Google calendar of proof that Defendant Justin Charlebois scheduled a meeting with Plaintiff.

20

21  The driving directions Plaintiff printed out the night before the pitch meeting.

22  Emails between herself and her agent whom set the meeting up and instructional emails between

23  Justin and Plaintiff.

24

25  The thank you notes and receipt for the same is also available.

26

27

28

5

At the pitch meeting, Plaintiff discussed the fact her brother, a producer and distributor has fraternal twins and Shimmer and Shine are fraternal twins. Plaintiff explained she chose not to add them to the script out of respect for him in the event he would wish to create his own story at a later date.

Plaintiff has written three children's books.

Jo-Ann Carol worked under Jason Dravis at the Monteiro Rose Dravis Agency who happened to represent many writers that work at Nickelodeon. In fact, she gave plaintiff a "Fairy Odd Parents" script so she could see the format Nick uses.

Plaintiff was stunned in the summer of 2016 when by chance she watched and first the expression of her script, storyboards, character descriptions, renderings were on a Nick Jr. show named, "Shimmer and Shine."
She first saw the show along with her producer brother Hammad Zaidi's twin daughters.
Hammad returned home from his high school reunion and as such are positive that was the date.
She called Hammad immediately after seeing this show and expressed her concern and dismay.

It was obvious that the show contained substantial similarities to Kazzak so numerous and specific that independent creation was doubtful.  The series was substantially taken fulfilling the burden from her own copyrighted material, as is demonstrated below as well as Defendants had access so both elements are sufficiently met.

That show revolves around the fact every human has a genie counterpart.
The show Shimmer and Shine was an immediate hit in the pre-school demographic, the demographic Plaintiff wrote for. The feedback after the pitch she received via her agent Jo-Ann

Copyright Infringement and Related Claims

1  was that she did a great job on pitch and although they liked her story, it was too youthful for

2  what they were looking for at the time.

3  In the pitch Plaintiff mentioned Mia is short for Mimi, and Mia is the name of her sister's

4  daughter.

5

6

7  A partial list of similarities between Kazzak! and Shimmer and Shine—copyrighted with the US.

8  Copyright office and registered with the WGAw existed and clearly Plaintiff gave Defendants

9  access to the works as detailed in part below:

10

11  1) The entire story premise of twin genies where every human has a genie counterpart was

12  pitched. Plaintiff's concept of genie twins and every human being having a genie twin is

13  described in the first paragraph of the story premise that she submitted. In Kazzak, Kaz is Zak's

14  genie twin. In Shimmer and Shine, the characters Shimmer and Shine are fraternal twins and

15  Leah's genies. In Plaintiff's pitch meeting she advised Mary Harrington, Juliana James and

16  Justin Charlebois that her twin nieces, who were about two at the time, are fraternal twins and

17  she did want to put them in the script but didn't out of respect for her producer brother. Her

18  nieces are the real Shimmer and Shine. Her nephew Zak is the real Zak/Kaz and her niece Mia is

19  the real Mimi/Leah.

20  2) The theme of Kazzak is Zak and Kaz must work together to solve their problems and

21  situations they find themselves in. Shimmer and Shine does the same thing.

22  3) The Kazzak characters are named Zak, Kaz and Mimi. In Shimmer and Shine the characters

23  are named Zac, Kaz, Leah, Shimmer and Shine.

24  4) Kaz is Zac's genie twin in both Kazzak and Shimmer and Shine. The characters, Shimmer and

25  Shine are Leah's genie twins.

26  5) In Kazzak, Zak hides his genie twin from Mimi. In Shimmer and Shine, Leah hides her genie

27  twins from Zac.

28

Copyright Infringement and Related Claims

6) In Kazzak, Zak has a pet dog named, Lucky. In Shimmer and Shine, Zac has a pet dog named Rocket.

7) In Kazzak, when Kaz touches Lucky he lights up and has other physical reactions. In Shimmer and Shine, when the genie twins touch Rocket, he lights up too and can fly.

8) In Kazzak, Pierre is a green gecko with a purple stripe down his back. In Shimmer and Shine, Nazboo is a tiny green dragon with a purple stripe down his back.

9) The artwork she presented at the pitch meeting of the characters, Zak, Kaz and Mimi are nearly identical to the Shimmer and Shine characters, Zac, Kaz and Leah.

10) In Kazzak, Kaz has bright blue eyes and flaming red hair. In Shimmer and Shine, Zac has bright blue eyes and red flaming hair.

11) In Kazzak, Zac has brown hair and brown eyes. In Shimmer and Shine, Kaz has brown hair and brown eyes.

12) Leah's clothes are almost exactly as described in the Kazzak script and the artwork is the same down to the star shaped barrette in her hair. The colors are the same in the artwork but in paler shades.

13) In Kazzak, the setting is an island with a dormant volcano. There are boulders, colorful flowers and trees everywhere with fluffy clouds. In Shimmer and Shine, they also are on an island with everything exactly as described in my script.

14) In Kazzak, the inside of the volcano resembles a cave with dark shiny walls, stone and a red dirt floor and red, blue and green gemstones encrusted in the walls. In Shimmer and Shine, every scene inside a mountain that resembles a volcano and every scene that resembles a cave appear exactly as described in my script down to the colors of the gemstones.

15) In Kazzak, Zak goes inside the volcano to hunt for gemstones and Kaz has them in the end. In Shimmer and Shine, Leah, Shimmer and Shine wear gemstones, gemstones are encrusted in the walls of every building and they hunt for colorful magical gemstones throughout several episodes in all three seasons.

Copyright Infringement and Related Claims

16) In Shimmer and Shine, the genies ride on magic carpets. In Kazzak, Kaz morphs into whatever they need to ride out of any mess.

17) In Kazzak, Kaz morphs into a surfboard and flies Zak and Lucky out of the volcano. In Shimmer and Shine, the characters often fly on "cloudboards" which look exactly like surfboards and like the surfboard in the Kazzak storyboards.

18) Zak and Kaz and Zac and Kaz in Shimmer and Shine have the same personalities.

19) Zak and Kaz in both Shimmer and Shine and Kazzak speak with the same expressions of, "whoa," "oooh" and "awesome!"

20) In Kazzak, Zak and Kaz high five each other when they get out of jeopardy. In Shimmer and Shine, Zac and Kaz also high five each other when they win at something.

21) In Kazzak, Mimi loves flowers. In Shimmer and Shine, Leah loves flowers.

22) In Kazzak, Zak whistles and both Zak and Kaz dance. In Shimmer and Shine all the characters dance to music, even in the opening credits.

23) In Kazzak, Zak and Kaz are hungry and talk about food and eat candy. In Shimmer and Shine, Zac is always hungry and he and Kaz talk about food and eat candy.

24) In Kazzak, Mimi looks out for Zak. In Shimmer and Shine, Leah looks out for Zac and her friends.

25) In Kazzak, the setting has fluffy clouds over an island. In Shimmer and Shine the fluffy clouds are over the island and have Shimmer and Shine's palace located there.

26) In Kazzak, Kaz lives inside a volcano that looks like a cave with dark shiny walls and gemstones encrusted in it. In Shimmer and Shine, Zeta's cave is inside a volcano looking formation and also has dark shiny walls and gemstone-encrusted walls. The colors of the gemstones are the same as described in Kazzak.

27) In Kazzak, Zak, Kaz and Lucky tumble onto the ground when they come out of the volcano at the end of the script. In Shimmer and Shine the characters Shimmer and Shine always tumble out of something at the end of the shows in Season one and some of Season two.

Copyright Infringement and Related Claims

28) In Kazzak, Zak is handy with tools, has a hammer and a backpack. In Shimmer and Shine, Zac has tools and in some episodes has a backpack.

29) In a Season one episode, Leah, Shimmer and Shine surf out of a wave of batter exactly as in Kazzak, where Zak, Kaz and Lucky surf out of an erupting volcano.

30) In Kazzak, Lucky plays with Pierre the gecko, just like Nahal and Tala play with Nazboo, the baby dragon.

31) In Kazzak, Zak slaps his forehead. In Shimmer and Shine, Zac slaps his forehead.

32) In Kazzak, Lucky has Pierre's tail hanging out of his mouth. In Shimmer and Shine, Rocket also always has something hanging out of his mouth.

33) In Kazzak, one of Mimi's bodily expressions is to shrug her shoulders. In Shimmer and Shine, Leah shrugs her shoulders as well.

34) In Kazzak, Zak and Kaz end with solving their problem by working together. In Shimmer and Shine, each show is ended with the characters solving their problem.

35) In Kazzak, Kaz is terrified, yells and runs out of the room when he first meets Kaz. In Shimmer and Shine, Kaz is terrified, yells and runs out of the room when he first meets Zac.

The foregoing is by no means a comprehensive list of similarities between the two works. Complete detailed time coded notes can be supplied upon the court's request.

The character complexities and the idiosyncratic inter-personal relationships between the personalities are present in both works.

Defendant's employees Justin Charlebois, Juliana James and Mary Harrington at the time in 2013 were actively listening to pitches. During her meeting, Juliana James turned to Mary Harrington and said, Twin Genies! And the other smiled knowingly.

Copyright Infringement and Related Claims

Upon considering the overwhelming and strikingly similar plot development and character parallels between Kazzak and Shimmer and Shine, it is clear the Defendants, expressly seeking series ideas, misappropriated Plaintiffs work.

Artist Andy Bilak was asked to do renderings of the children.

It is apparent there is no possibility the similarities are the product of mere coincidence. Defendants had access to and copied Plaintiff's protected expression and physical property what amounts to taking of not only Plaintiff's creation but by conspiring to make an unknown a creator status, leading to a life of luxury and prestige, world-wide travel, interactions with small children and adults.

To date Najla Zaidi, of Pakistani heritage has not been properly credited as the creator and writer of her efforts and talent, nor has she received compensation for the use of her work.
This is a copyright infringement action filed by Plaintiff in Pro Per to protect her original expression embodied in Kazzak as an original work of art under the legal causes of action of Direct Copyright Infringement, Contributory Copyright Infringement, Vicarious Copyright Infringement, Equitable Relief – Right of Attribution, and other related causes of action.

Plaintiff was born in Pakistan and moved here when she was three. She went back every three years or so until age twenty-three. Grandma would tell her stories about genies and how they have human twin counterparts. Just like humans some are good and some are bad.
The uniqueness is that she wrote in the premise first paragraph that in the beginning of time man was created but didn't realize jinn (genies) were created too and at the end of days God will decide who gets to inherit the earth man or genies.

Copyright Infringement and Related Claims

1 | Grandma told her stories even in our village where she lived all the joyful encounters people had
2 | with genies with one story there where they paid a poor midwife who delivered their baby in
3 | gold nuggets and diamonds. Where they would sit in the back of the mosque to pray and pay
4 | alms where they could change form so to never kill an animal, as it could be a jinn in disguise.
5 | Plaintiff's cousin would scare her that they walked the streets at night in our village.
6 | Plaintiff's grandma would sleep outside on a cot under the stars while she told her the stories.
7 | The Quran also says there are man and jinn both present. Man made of clay and jinn of fire.
8 |
9 | Shimmer and Shine was an immediate hit drawing huge ratings with key demographics.
10 | The series premiere of Shimmer and Shine on August 25, 2018. The show averaged millions of
11 | viewers during the premiere.
12 |

### NAJLA ZAIDI BACKGROUND IN FILM

14 | MFA UCLA in Screenwriting, AFI Directing Workshop for Women Fellow, UT Austin BA
15 | Philosophy and minor in History, Guest Lecturer San Diego's State University film dept for ten
16 | years.
17 | Writer/Director: on a feature music doc, music videos, two short films, writer on two PSA's for
18 | Women in Film, writer for hire on projects, staff writer on pilot, writer of numerous optioned
19 | scripts.
20 | Her parents moved to the U.S. from Pakistan. She traveled to the home country many times.
21 |
22 | She was diagnosed and treated for breast cancer in 2010. She was in recovery at the time of the
23 | pitch and needed to wear a compression stocking over one of her arms at the time of the pitch.
24 | Plaintiff believes the trio knew of her cancer diagnosis.

12

1  Plaintiff has a son, an editor in the business. Her brother is a known writer, producer and has

2  over a million hits on his podcast on filmmaking. He also owns his own production company and

3  teaches film.

4  Both attended UCLA Masters of Film Programs in the 1990's.

5

6  Plaintiff worked hard in this extremely competitive and cut-throat entertainment industry even

7  taking acting lessons and acting in some projects set in Pakistan.

8  Plaintiff is a professional writer who has honed her skill as a filmmaker.

9

10                          CREATION AND SUMMARY OF KAZZAK!

11  Najla Zaidi has registered her screenplay with the Copyright Office and WGAw. It is in Exhibit

12  "A." And Exhibit "B" Registration Number: Pau003666802. Effective date of registration: 03-

13  05-2013. WGAw Registration Number: 1638820. Effective date of registration: 03-12-2013 and

14  Registration Number: 1964186. Effective date of registration: 08-21-2018.

15

16  Plaintiff NAJLA ZAIDI to hereby file its Complaint against Defendants Viacom, International

17  Media Networks; Viacom, Inc. and Nickelodeon Animation Studios, Nickelodeon Junior and

18  Does 1-100, inclusive hereandafter (collectively "Defendants"), "Viacom" or "Nickelodeon".

19

20                            JURISDICTIONAL ALLEGATIONS

21  This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U. S. C. §§

22  1331 and 1338(a) and (b), by virtue of 15 U. S. C. §1051 el seq. , in that the case arises out of

23  §43(a) of the Lanham Act for trademark infringement, and supplemental jurisdiction under 28 U.

24  S. C. § § 1367(a) and 1338.

25  2. Venue is proper, inter alia, under 28 U.S.C. § 1391(b) because on

26  information and belief, a substantial part of the events or omissions giving rise to

27

28

13

the claim occurred in this judicial district. Specifically the pitch took place in Burbank, CA in the County of Los Angeles.

3. Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

THE PARTIES

4. Plaintiff NAJLA ZAIDI (hereinafter "Plaintiff") is now, and was at the time of the filing of this Complaint and at all intervening times, a resident of Ventura County with her principal place of business in California.

7. Plaintiff is informed and believes that Defendant Nickelodeon Animation Studios is now, and was at the time of the filing of this Complaint and at all intervening times, a California Business Entity with business offices at 203 W. Olive Avenue, Burbank, CA 91502.

Plaintiff is informed and believes that Defendant Viacom International Media Networks, is now, and was at the time of the filing of this Complaint and at all intervening times, with its place of business at 1540 Broadway, NY, NY 10036-4039.

Plaintiff is informed and believes that Defendant Viacom, Inc. (Corp. office) is now, and was at the time of the filing of this Complaint and at all intervening times, with its place of business at 1515 Broadway, NY, NY 10036-4039.

14

1

2  The true names and capacities, whether individual, corporate, associate or otherwise, of

3  Defendants herein are designated by fictitious names and Does 1-100, inclusive, are unknown to

4  Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true names

5  and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading

6  accordingly. Plaintiff further alleges that Does 1-100, inclusive, sued herein by fictitious names

7  are jointly, severally and concurrently liable and responsible with the named Defendants upon

8  the causes of action hereinafter set forth.

9

10 Plaintiff is informed and believes and thereon alleges that at all times mentioned herein

11 individually named Defendants, and Does 1-100, inclusive, and each of them (collectively,

12 "Defendants"), were the agents, servants and employees of every other Defendant and the acts of

13 each Defendant, as alleged herein, were performed within the cause and scope of that agency,

14 service or employment at Nickelodeon Animation Studio in Burbank, California.

15

16                                  INJURY TO PLAINTIFF

17 Plaintiff owns multiple United States Copyrights for her writing and Kazzak! is under Certificate

18 of Registration number Pau003666802, effective date of March 5, 2013 and attached herewith as

19 Exhibit "A."

20

21 17. Plaintiff owns an additional United States Copyright in the WWGA number 1638820 from

22 March 12, 2013 attached herewith as Exhibit "B". The latest registration is 1964186 from August

23 21, 2018.

24

25                                FIRST CAUSE OF ACTION

26

27 (Federal Copyright Infringement Against Defendants, and Does 1-100, Inclusive)

28

Copyright Infringement and Related Claims

[17 U. S. C. §501(a)]

Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-

Plaintiff is the exclusive owner of the copyright in its writing of a screenplay and character design titled Kazzak!

Defendants have actual notice of Plaintiff s exclusive copyright rights in the expression of the idea of each human having a jinni counterpart.

Plaintiffs hereby incorporate by reference the preceding paragraphs and repeat and alleges each of the allegations as if fully set forth here.

On information and belief, Defendants were aware of, participated in, and contributed to the copying and exploitation of the screenplay and storyboards as Shimmer and Shine from Kazzak! including the marketing, selling, distribution, and exploitation of the series and sold merchandise in the United States and the world through advertising sales, television airplay, internet distribution deals, licensing, and otherwise.

 On information and belief, Defendants have earned millions of dollars in revenue from their exploitation of Shimmer and Shine and continue to actively exploit this copyright through advertising sales, television airplay, internet distribution deals, DVD sales, licensing, and otherwise.

Defendant's had access via the meeting set up by Plaintiff's agent, and participated in the pitch. They copied the character names, the twin genie concept, the interpersonal twists, dialogue, sequence of events, tenor, specific scenes and elements of scenes, character identities, character

personalities, character relationships, character interaction, character development, character idiosyncrasies, and even rare names assigned to the same respective roles in each script. Any differences between Kazzak! And Shimmer and Shine are dwarfed by the overwhelming similarities between the works, and those minimal differences even confirm that Plaintiff's original expression was crudely copied by defendants and their bosses.

Count I – Direct Copyright Infringement

On information and belief, each and all of the Defendants collectively received millions of dollars, and other valuable benefits and consideration, world travel, appearances, interviews from their blatant copying which directly infringes Plaintiff copyrights in the screenplay by way of reproduction, derivatives, distribution, performance, licensing, and display of said work without Plaintiff consent.

On information and belief, the Pilot Episode was storyboarded in California on the Nickelodeon Defendants' property.

Defendants' inducement and encouragement includes but is not limited Defendant giving the script to the defendants in 2013 after Plaintiff's pitch, defendants continued production and distribution of the show throughout the United States and world.

There is more than a substantial similarity between Shimmer and Shine and Kazzak! There is an almost identical similarity between many parts of the two work. Defendants' almost completely relied on Plaintiff script and copying of Plaintiff original expressive ideas.

Defendants never sought or obtained Plaintiff permission to copy, duplicate, perform, exploit, or otherwise use Plaintiff copyrighted work.

17

Copyright Infringement and Related Claims

Defendants' copying, duplication, use, performance, and exploitation of Shimmer and Shine actions constitutes direct infringement of Plaintiff copyrights in the work.

Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff copyrights. At a minimum, Defendants acted negligently and recklessly in regards to Plaintiff copyrights.

In engaging in the acts complained of herein, Defendants, among other things falsely represented that the script Shimmer and Shine was created by Defendants' and/or their employees,

In engaging in the acts complained of herein, Defendants, among other things, also failed to properly credit Plaintiffs as the authors and/or copyrights holders.

Defendants did not seek and failed to obtain Plaintiff s consent or authorization to utilize, reproduce, copy, display, commercially distribute and market in commerce or otherwise a cable series for three seasons, a fourth in the works, a huge world-wide marketing campaign and merchandising, a potential movie and spin off series named Genie Babies.

Without permission, Defendants intentionally and knowingly misappropriated, copied, displayed, and broadcast colorable imitations of Kazzak! by offering, advertising, promoting, retailing, selling, distributing her creations containing the copyrighted works.

Defendants continue its infringement of the Designs in blatant disregard of Plaintiff s protected rights.

Defendants continue to exploit Plaintiff's work, reaping tremendous financial rewards and other pecuniary benefits in addition to merchandising worth millions, including Mattel dolls, dream homes, Macy Parade float.

Copyright Infringement and Related Claims

Count II – Contributory Copyright Infringement

Plaintiffs hereby incorporate by reference the preceding paragraphs and repeat and re-allege each of the allegations as if fully set forth herein.

Defendants have previously and continue to contributorily infringe on Plaintiff copyrights by intentionally inducing or encouraging direct infringement of Plaintiff copyrighted work Kazzak!, as has been fully set forth in detail throughout this complaint.

Through their conduct alleged herein, said Defendants knowingly and systematically induced, caused, materially contributed to and participated in the infringement of Plaintiff copyrighted screenplay Kazzak!

Defendants inducement and encouragement includes but is not limited to: Defendants' giving development and production of the defendant Nickelodeon's continued direction, production and distribution of the show throughout the United States and the world.
Said Defendants therefore had knowledge of the infringing activity, and nonetheless induced, and or materially contributed to the infringing conduct of the direct infringers of Plaintiff copyrighted screenplay.

Defendants continue to exploit Shimmer and Shine with a spinoff show, Genie Babies and rumor of a movie version, reaping tremendous financial rewards and other pecuniary benefit.

Defendant Nickelodeon and Viacom have the right and ability to supervise the direct infringers because its agents represent the direct infringers, represent a significant portion of the writing and production teams and because it packaged the show for production.

19

Copyright Infringement and Related Claims

1   Defendants had and have the right and ability to supervise the direct infringers as they produced

2   all aspects of Shimmer and Shine, and were allowed to use Defendants resources, staff, and

3   properties in the production and exploitation of.

4

5   On information and belief, Defendants also have and had the right and ability to control the

6   unauthorized reproduction, creation and use of derivatives, distribution, performance, and

7   display of Plaintiff copyrighted screenplay the unauthorized distribution, sales, and exploitation

8   to the public.

9

10   Defendants continue to exploit the show reaping tremendous financial rewards and other

11   pecuniary benefits.

12

13   Count IIII - Equitable Relief – Right of Attribution

14

15   Plaintiffs hereby incorporate by reference the preceding paragraphs and repeat and re-allege each

16   of the allegations as if fully set forth herein.

17   Plagiarism is wrong.

18   Plaintiff created the project from which the Defendants copied her original expression to write

19   Shimmer and Shine.

20

21   The Nickelodeon Defendants—wholly owned and controlled by Viacom, International registered

22   the scripts and audiovisual works with the U.S. Copyright Office in 2015.

23

24   There is no debate or dispute as to the moral and ethical ground that plagiarism is wrong.

25   Plagiarism, one of the "gravest" forms of dishonesty, "whether intended or not," is fraud. See

26   NYU Steinhardt Policies and Procedures, Statement on Academic Integrity,

27   http://steinhardt.ny.edu/policies/ academic_integrity. "Plagiarism is failure to properly assign

28

Copyright Infringement and Related Claims

1  authorship to a paper, a document, an oral presentation, a musical score and/or other materials,
2  which are not your original work." Id.
3
4  The value of artistic expression lies in the attribution of the art to the originator—its creator. This
5  "Right of Attribution" is the inalienable right of the originator, creator, or author of their
6  expression. The denial and violation of this "Right of Attribution" not only does great harm and
7  damage to the rightful author, but damages the social framework by undermining one of that
8  framework's most basic principles—give credit where credit is due.
9
10  Defendants' without crediting the show's true creator, whom is entitled to equitable relief
11  ensuring Plaintiff is credited for writing and creating Shimmer and Shine and all derivative
12  shows and movies because the four factor test governing when equitable relief should be granted,
13  explained in eBay Inc. v. MercExchange, 547 U.S. 388, 391 (2006), is satisfied:
14
15  a. Plaintiffs have suffered irreparable injury and have no recourse through the law because the
16  right of attribution is not statutorily recognized.
17   b. Monetary damages alone are inadequate to compensate them for the damage done to Plaintiff
18  professional writing reputations. Moreover, acknowledgement in and of itself is intrinsically
19  valuable to human beings who have devoted significant portions of their lives to a project for
20  which they expected to be credited.
21  c. Crediting Plaintiffs would impose no hardships on any defendant.
22  d. The public interest would be served by such an acknowledgement as it would be made aware
23  of the true creators of a popular television show.
24  Notably, false representations of material facts in an application for copyright registration subject
25  the claimant to criminal liability. See Copyright Act, 17 U.S.C. § 506(e).
26
27
28

Defendants continue to exploit, reaping tremendous financial awards and other pecuniary benefits, and have not credited its true creators and author—Najla Zaidi.

Besides crediting Plaintiffs as the creators, such equitable relief should include the alteration of the U.S. Copyright registrations to note Najla Zaidi authorship, Defendants should be made to issue corrections to any advertisements, news articles, and any other written or visual material not properly reflecting Plaintiff authorship, and Defendants should issue a public apology for their collective failure to properly credit Plaintiffs as Shimmer and Shine and derivatives creators.

Such equitable relief should also include the issuance of an injunction, under 17 U.S.C. § 502, preventing the further copying, filming, reproduction, performance, and distribution of Shimmer and Shine.

Such equitable relief should also include the impoundment, under 17 U.S.C. § 503(a), all copies of and equipment used to make the infringing show Shimmer and Shine the possession of Defendants.

## FOURTH CAUSE OF ACTION

(False Designation of Origin & Unfair Competition Against Defendants, and Does 1-100, Inclusive)1

[15 U.S.C. § 1125(a)1

Plaintiffs repeat and re-allege the allegations in Paragraphs 1-

1        Defendants' conduct described above violate the Lanham Act, have unfairly competed

2  with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing

3  damage to Plaintiff in an amount to be determined at trial.

4

5        Defendants have the legal obligation and responsibility to conduct a search before

6  utilizing a copyright so as not to confuse or deceive consumers.

7

8        Defendants' egregious and intentional use bearing Plaintiff's characters and situations

9  unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead,

10  betray, and defraud consumers to believe that the creator is not the actual one, Plaintiff  Najla

11  Zaidi.

12

13        Defendants' continuing and knowing use of Plaintiff's creative work, script and characters

14  constitutes willful infringement, false designation of origin and unfair competition in violation of

15  Section 43(a) of the Lanham Act, 15 U. S. C. § 1125(a).

16

17                     FIFTH CAUSE OF ACTION

18

19  (Copyright Infringement Against Defendants, and Does 1-100, Inclusive)

20  [ California Civil Code § 980 et seq., and California Common Law]

21

22  Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-   .

23

24  At all times relevant herein, Plaintiff has held and still holds the exclusive rights under California

25  law and common law to reproduce, distribute, or license the reproduction and distribution of the

26  artwork, design, pictures, representation, model in any and all formats and mediums, throughout

27  the United States.

28

The artwork, design, pictures, representation, model and pattern of are original works in tangible form, which have been published since at least in or about March of 2013.

The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Defendants' acts have irreparably harmed and continue to harm Plaintiff's exclusive proprietary rights and constitute common law copyright infringement. Defendants' outrageous conduct supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar conduct in the future.

Each infringing transfer, duplication, sale, rental, distribution, display

## COMPLAINT FOR DAMAGES

In and other exploitation of the artwork, design, pictures, representation, model and pattern of Plaintiff s Mark and Designs constitutes a separate claim against Defendants under common law copyright and California Civil Code § 980.

## SIXTH CAUSE OF ACTION

(Unlawful, Unfair, Fraudulent Business Practices Against Defendants and Does 1-100, Inclusive)
[ California Business & Professions Code § 17200 et seq.]

Plaintiffs hereby incorporate each and every allegation contained above.

Copyright Infringement and Related Claims

Defendants have committed all of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to Plaintiff's legal, contractual, and exclusive proprietary rights.

Defendants' acts and practices as detailed above constitute acts of unlawful, unfair or fraudulent business acts and practices within the meaning of California Business & Professions Code § 1 7200 .

Defendants have engaged in transactions that are in violation of numerous provisions of California law. Strict liability may be applied even if Defendants' acts have violated only one of the three provisions set forth above.

Pursuant to California Business & Professions Code § 1 7203 , Plaintiff seeks an order from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering that Defendants perform their obligations under the law and cancel any illegal obligations.

Plaintiff additionally requests an order from this Court requiring that Defendants disgorge profits and return or pay to Plaintiff all of Defendants' ill-gotten gains obtained from the illegal transactions, and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or, as equity requires.

## COMPLAINT FOR DAMAGES

Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession, which rightfully belong to Plaintiff.

## SEVENTH CAUSE OF ACTION

Copyright Infringement and Related Claims

(Unjust Enrichment Against Defendants and Does 1-10, Inclusive)

Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1-

By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to proven at trial.

Defendants' retention of monies gained through its deceptive business practices, infringements, acts of counterfeit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

WHEREFORE, Plaintiff NAJLA ZAIDI prays for judgment against

Defendants, as follows:

For damages in an amount to be proven at trial for copyright infringement under 17 U. S. C. §501(a);

For damages in an amount to be proven at trial for copyright infringement and violation of common law under California Civil Code §980;

For damages to be proven at trial for common law unfair competition.

For damages in an amount to be proven at trial for unfair, fraudulent and

For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein;

For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains

Copyright Infringement and Related Claims

obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

For destruction of the infringing articles in Defendants possession under 5 U. S. C. §1118;

For treble damages suffered by Plaintiff as a result of the willful and intentional infringements under 15 U. S. C. §1117(b);

For damages in an amount to be proven at trial for unjust enrichment.

For Plaintiff's reasonable attorney's fees;

For all costs of suit; and

For such other and further relief as the Court may deem just and equitable.

This action is brought, and subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has federal question jurisdiction in this matter in that Plaintiff seeks damages and injunctive relief against the defendants named herein under Sections 501 through 505 of the Copyright Act of 1976, 17 U.S.C. § 101 et seq. The Court has pendant jurisdiction over any claims asserted herein which arise under state law in that such claims flow from a common nucleus of operative fact.

Venue lies within this Court pursuant to 28 U.S.C. Sections 1391(b)(1) – (3), 1391(c), 1391(d), and 1400(a) in that all defendants reside for venue purposes and are subject to personal

Copyright Infringement and Related Claims

1    jurisdiction in this District, and that a substantial part of the events or omissions giving rise to

2    Plaintiff's claims occurred in the Central District of California. In particular, on information and

3    belief, each of the individual defendants reside in the United States and/or are citizens of the

4    United States and therefore can be sued in any district including this District.

5

6    Judgment be entered in their favor jointly and severally against all Defendants: all of whom may

7    be collectively referred to herein throughout as "Defendants" for compensatory damages,

8    punitive damages, prejudgment interest, and costs of suit, including recovery of reasonable

9    attorneys' fees, and equitable relief as this court deems just and appropriate for all the Causes of

10   Action:

11

12   (a) Compensatory damages;

13    (b) Statutory damages;

14    (c) Punitive and Exemplary damages to punish Defendants;

15    (d) Exemplary damages against Defendants to set an example for others;

16    (e) Attorneys' fees and court costs against Defendants;

17   (f) An injunction halting the further copying, filming, reproduction, performance, and

18   distribution of Shimmer and Shine;

19     (g) The impoundment of all copies and equipment used to make the program in the possession

20   of Defendants; and

21    (h) Such other and further relief as the Court deems just, necessary, and appropriate.

22

23

24

25

26

27

28

Copyright Infringement and Related Claims

1 Spoliation Notice

2 All Defendants are hereby put on notice to preserve any and all materials relating to the claims contained within this Complaint, and any and all materials, or facts, which are relevant to the resolution of the issues contained herein, construed in the broadest possible way.

Signed: _____   Dated: _8/23/18_____

29

Copyright Infringement and Related Claims

EXHIBIT A

**Kazzak! Copyright Pau003666802**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## PAu 3-666-802

**Effective date of
registration:**

March 5, 2013

---

## Title

**Title of Work:** KAZZAK!

## Completion/Publication

**Year of Completion:** 2013

## Author

■  **Author:** Najla Zaidi

**Author Created:** text

**Work made for hire:** No

**Citizen of:** United States          **Domiciled in:** United States

**Year Born:** 1965

## Copyright claimant

**Copyright Claimant:** Najla Zaidi

4886 Santo Drive, Oak Park, CA, 91377

## Rights and Permissions

**Name:** Najla Zaidi

**Email:** nzaidi6@gmail.com          **Telephone:** 805-405-714⁴

**Address:** 4886 Santo Drive

Oak Park, CA 91377

## Certification

**Name:** Najla Zaidi

**Date:** March 5, 2013

---

EXHIBIT B

**Kazzak! WGAw Registration Numbers**

**1638820**

**1964186**



# W G A W E S T
# REGISTRY

## Documentation of Registration

PLEASE PRINT THIS PAGE FOR YOUR RECORDS

### Registrant

Registrant: Najla Zaidi

### Author(s)

Author: Najla Zaidi

### *Kazzak!*

### Registration Number: 1964186

MATERIAL TYPE:
FILE NAME: Kazzak3.pdf
EFFECTIVE DATE: 8/21/2018
EXPIRATION DATE: 8/21/2023

Thank you for your registration. Your material has been successfully registered with the WGAW Registry. Registrations are valid for a term of five years and can be renewed upon expiration. Please note that changes cannot be made once your registration is completed.

Specific questions regarding your online transaction or registration records must be accompanied by photo ID.

*Registrations are completed once the confirmation page appears. As a security precaution, this confirmation page can only be printed for your own records at the time of your online transaction. Your confirmation page cannot be returned to or saved.*

**FREE E-MAIL NEWSLETTER**

Sign up here to receive WGA.org's e-mail newsletter "Now Playing." You'll get the latest interviews with today's top screen and TV writers and gain invaluable insight into their work, plus a calendar of upcoming WGAW screen and TV writing-related events. It's free and we will never share your information with any other mailing list!

For even more screenwriting-related content, check out this list of Writing Tools



Writers Guild of America, West, Inc.
7000 West Third Street
Los Angeles, California, 90048-4329
Telephone: 323-782-4500
Fax: 323-782-4803

# Documentation of Registration

The Writers Guild of America, West, Inc. issues this certificate to:

NAJLA ZAIDI

for the material entitled:

KAZZAK!

by the following:

NAJLA ZAIDI - Writer

Effective Date: 03/12/13
Expiration Date: 03/12/18

Registration #:      1638820
Material Type:       ANIMATION
Registered By:       NAJLA ZAIDI

0000000049.20130327112403291.0000000012